IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| 3M COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | |
| ELLISON SYSTEMS, INC., dba | § | JURY DEMAND |
| SHOPLET.COM, | § | |
| Defendant. | § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION,
UNFAIR COMPETITION, AND UNJUST ENRICHMENT**

3M Company ("3M"), appearing through its undersigned counsel, alleges as follows:

**PARTIES**

1.      3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

2.      Defendant Ellison Systems, Inc., dba Shoplet.com ("Shoplet"), is a New York corporation having a place of business at 90 Broad Street, New York, New York 10004.

**NATURE OF THIS ACTION; JURISDICTION OF THE COURT**

3.      This is an action for trademark infringement, dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the anti-dilution statutes of Minnesota and other states where Shoplet conducts business and has committed the acts complained of

herein; for deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq*.; unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09 *et seq*; for trademark infringement and unfair competition under the common law of Minnesota and other states where Shoplet conducts business and has committed the acts complained of herein; and for unjust enrichment.

4.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over 3M's claims under state law.

5.      The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## 3M'S USE AND REGISTRATION OF THE POST-IT MARKS

7.      3M develops and markets innovative products and solutions, including many consumer and office products, serving a diverse field of customers.

8.      3M introduced the revolutionary POST-IT brand of repositionable notes and adhesive-backed paper approximately thirty years ago.  Since that time, 3M has continuously used the mark POST-IT ("the POST-IT Mark") in connection with a variety of highly successful stationery and office-related products, including, without limitation, repositionable notes and note holders, tape flags, tabs, and easel paper and pads.

9.     The POST-IT Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

10.     As a result of 3M's long and extensive use and promotion of the POST-IT Mark and the many high-quality products sold under the mark, POST-IT is the leading brand in the market for repositionable note products, and also is one of the most famous brands in the United States. *See Minnesota Min. & Mfg. Co. v. Taylor*, 21 F. Supp. 2d 1003, 1005 (D. Minn. 1998) (finding POST-IT mark famous).

11.     Use of 3M's POST-IT brand products by consumers is extremely widespread, including in the home, office, and promotional markets.  3M's POST-IT products are promoted and available for purchase online, including directly from 3M through its websites (including 3M.com and Post-it.com), third-party websites such as Amazon.com, as well as in, and on the websites of, leading national office supply stores (Office Depot, OfficeMax, Staples); pharmacies (CVS, Rite Aid, Walgreens); and general retailers (Target, Wal-Mart).

12.     As a result of 3M's long use and promotion, 3M has acquired valuable common law rights in the POST-IT Mark.

13.     In addition to its extensive common-law rights, 3M has registered the POST-IT Mark on the Principal Register of the United States Patent and Trademark Office in accordance with federal law.  3M owns numerous U.S. registrations, many of which are incontestable, for its famous mark POST-IT for numerous goods.  These registrations include, but are not limited to, the valid and subsisting registrations shown

in the following chart, each of which is incontestable except Reg. No. 3,168,105 (collectively, the "POST-IT Marks").

| Mark | Registration Number | Date Issued | Goods |
|---|---|---|---|
| POST-IT | 1046353 | 8/17/76 | Paper and cardboard sheet material having adhesive coating on both sides thereof for attachment to walls or other vertical surfaces to hold displays or other messages in place |
| POST-IT | 1198694 | 6/22/82 | Stationery notes containing adhesive on one side for attachment to surfaces |
| POST-IT | 1208297 | 9/14/82 | Trays for holding stationery notes |
| POST-IT | 1284295 | 7/3/84 | Adhesive tape for home and office use |
| POST-IT | 1935381 | 11/14/95 | Adhesive backed easel paper and easel pads |
| POST-IT | 2736421 | 7/15/03 | Stationery notes and note pads containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or office use; cover-up tape for paper; tape flags; printed note forms; printed notes featuring messages, pictures or ornamental designs; adhesive-backed easel paper and easel pads; bulletin boards; glue sticks for stationery or office use; and paper and cardboard sheet material having adhesive coatings on both sides for attachment to walls or other surfaces to hold displays or other messages in place |
| POST-IT | 3168105 | 11/7/06 | Stationery notes containing adhesive on one side for attachment to surfaces; printed notes featuring messages, pictures or ornamental designs; note pads, business forms, index cards, index tabs, easel paper, easel pads, sketch pads, art pads, banners of paper, page markers, bookmarks and recipe cards containing adhesive on one side of the sheets for attachment to surfaces; adhesive tape for stationery or |

| Mark | Registration Number | Date Issued | Goods |
|------|---------------------|-------------|-------|
|      |                     |             | office use; labeling tape; cover-up tape for paper; correcting tape for type; tape flags; easels; display and message boards, adhesive backed strips and geometrical shapes made from cardboard for attachment to surfaces; dry erase writing boards and writing surfaces; holders for stationery notes, notepads and tape flags; dispensers for tape flags and stationery notes for stationery use; ball point pens and highlighter pens containing tape flags; photo paper |

True and correct copies of these registrations are attached as Exhibit A.

### SHOPLET'S UNLAWFUL ACTIVITIES

13.     Shoplet operates a website, www.Shoplet.com, offering for sale office supplies made by a variety of manufacturers.  This website has a search function allowing consumers to search for products.

14.     Searches of the Shoplet.com website for the mark "Post-it" consistently return repositionable notes manufactured by Universal, a 3M competitor, as the first results, labeled "featured" products, as shown below:



These competing products are displayed under the POST-IT Mark, which appears near the top of the page in large red type.  3M's POST-IT products often are not included anywhere on the first page of results under the POST-IT Mark although the default search results are represented as sorted according to relevance.

15.    In addition, the searches for "Post-it" return a list of several manufacturers on the left-hand side of the page.  These include 3M competitors Universal and Sparco, as well as "3m" and 3M brands POST-IT and SCOTCH, as shown below:



16.    Clicking on the links to competing manufacturers Universal and Sparco leads to pages presenting the UNIVERSAL and SPARCO marks in conjunction with 3M's POST-IT mark at the top of the page in large red type, and the competing products of each manufacturer below, as shown on the next page:





17.     On information and belief, Shoplet asks manufacturers to pay for "featured" and/or otherwise prominent placement of its products in results for searches for the manufacturers' trademarks, but does not inform consumers that results of searches of its site include paid advertisements.

18.     Shoplet is using the POST-IT Mark in commerce.

19.     Shoplet began using the POST-IT Mark long after 3M registered the POST-IT Mark and long after the POST-IT Mark became famous.

20.     Shoplet's use of the POST-IT Mark in this manner is not authorized or endorsed by 3M in any way.  3M has repeatedly asked Shoplet to cease such use, without success.

## EFFECT OF SHOPLET'S ACTIVITIES ON 3M AND THE CONSUMING PUBLIC

21.     Shoplet's unauthorized use of the POST-IT Mark in the manner described above is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association between Shoplet and/or the competing products displayed in searches for POST-IT on the Shoplet site and 3M or its POST-IT brand, or as to the origin, sponsorship, or approval of those competing products or of Shoplet's services by 3M or its POST-IT brand.

22.     Shoplet's unauthorized use of the POST-IT Mark falsely designates the origin of third-party products offered on its website, and falsely and misleadingly

describes and represents facts with respect to Shoplet and the products and services offered on its website.

23.     Shoplet's unauthorized use of the POST-IT Mark enables Defendant to trade on and receive the benefit of goodwill built up at great labor and expense by 3M over many years, and to gain acceptance for its products and services and those of third parties not solely on their own merits, but on the reputation and goodwill of 3M, 3M's POST-IT Mark, and 3M's products and services.

24.     Shoplet's unauthorized use of the POST-IT Mark is likely to cause and is causing dilution of the famous POST-IT Mark.

25.     Shoplet's unauthorized use of the POST-IT Mark unjustly enriches Shoplet at 3M's expense.

26.     Shoplet's unauthorized use of the POST-IT Mark removes from 3M the ability to control the nature and quality of products and services provided under the POST-IT Mark and places the valuable reputation and goodwill of 3M in the hands of Shoplet, over whom 3M has no control.

27.     Unless these acts of Shoplet are restrained by this Court, they will continue, and they will continue to cause irreparable injury to 3M and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

28.     3M repeats the allegations above as if fully set forth herein.

29.     The acts of Shoplet complained of herein constitute infringement of 3M's federally registered POST-IT Marks in violation of 15 U.S.C. § 1114(1).

30.     Shoplet's acts complained of herein have been malicious, fraudulent, deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of 3M's rights in the POST-IT Marks and with intent to cause confusion and to trade on 3M's vast goodwill in the POST-IT Marks.  In view of the egregious nature of Shoplet's infringement and Shoplet's refusal to cease its infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

31.     3M repeats the allegations above as if fully set forth herein.

32.     The acts of Shoplet complained of herein constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III: FEDERAL DILUTION

33.     3M repeats the allegations above as if fully set forth herein.

34.     Shoplet's use in commerce of the POST-IT Mark constitutes trademark dilution in violation of 15 U.S.C. § 1125(c).

35.     Shoplet has willfully intended to trade on the recognition of 3M's famous POST-IT Mark.

## COUNT IV: DILUTION UNDER STATE LAW

36.     3M repeats the allegations above as if fully set forth herein.

37.     The acts of Shoplet complained of herein constitute trademark dilution in violation of the anti-dilution statutes of Minnesota, MINN. STAT. § 333.285; and the other states in which Shoplet has committed the acts complained of herein.

## COUNT V:  DECEPTIVE TRADE PRACTICES

38.     3M repeats the allegations above as if fully set forth herein.

39.     The acts of Shoplet complained of herein constitute deceptive trade practices in violation of MINN. STAT. § 325D.44 *et seq*.

40.     Pursuant to MINN. STAT. § 325D.45, 3M is entitled to recover its costs and attorneys' fees.

## COUNT VI:  UNLAWFUL TRADE PRACTICES

41.     3M repeats the allegations above as if fully set forth herein.

42.     The acts of Shoplet complained of herein constitute unlawful trade practices in violation of MINN. STAT. § 325D.09 *et seq*.

43.     Pursuant to MINN. STAT. § 325D.15 and MINN. STAT. § 8.31(3a), 3M is entitled to recover its costs, disbursements, costs of investigation, and reasonable attorneys' fees.

## COUNT VII: TRADEMARK AND TRADE NAME INFRINGEMENT UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

44.     3M repeats the allegations above as if fully set forth herein.

45.     The acts of Shoplet complained of herein constitute trademark infringement in violation of the common law of Minnesota and the other states in which Shoplet has committed the acts complained of herein.

## COUNT VIII: UNFAIR COMPETITION UNDER THE COMMON LAW OF MINNESOTA AND OTHER STATES

46.    3M repeats the allegations above as if fully set forth herein.

47.    The acts of Shoplet complained of herein constitute unfair competition in violation of the common law of Minnesota and the other states in which Shoplet has committed the acts complained of herein.

## COUNT IX: UNJUST ENRICHMENT

48.    3M repeats the allegations above as if fully set forth herein.

49.    The acts of Shoplet complained of herein constitute unjust enrichment of Shoplet at 3M's expense.

## DEMAND FOR RELIEF

WHEREFORE, 3M demands that:

(a)    Shoplet, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, be permanently enjoined and restrained from using the POST-IT Mark, and any other confusingly similar mark, in a manner that is likely to confuse consumers or to dilute the distinctive quality of the POST-IT Mark, and from any attempt to retain any part of the goodwill misappropriated from 3M;

(b)    Shoplet be permanently enjoyed and restrained from including products not manufactured by 3M among the results of searches of its website for the POST-IT Mark, or any other 3M mark;

(c)　　　Shoplet be permanently enjoyed and restrained from displaying any company other than 3M or any products other than 3M products bearing the POST-IT Mark, in proximity with, or otherwise in association with the POST-IT Mark, or any other 3M mark;

(d)　　　Shoplet be ordered to file with this Court and to serve upon 3M, within thirty (30) days after the entry and service on Shoplet of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Shoplet has complied with the injunction;

(e)　　　3M recover all damages it has sustained as a result of Shoplet's activities and that said damages be trebled;

(f)　　　An accounting be directed to determine Shoplet's profits resulting from its activities and that such profits be paid over to 3M, increased as the Court finds to be just under the circumstances of this case;

(g)　　　3M recover its reasonable attorney fees;

(h)　　　3M recover its costs of this action and prejudgment and post-judgment interest; and

(i)　　　3M recover such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38, 3M demands a jury trial on all issues in this case triable of right by a jury.

14

Respectfully submitted,

DATED:  April 22, 2010

  s/Heather J. Kliebenstein      
Heather J. Kliebenstein
MERCHANT & GOULD
80 South 8th Street, Suite 3200
Minneapolis, MN 55402-2215
(612) 321-2800

Of counsel:
Sarah A. Lockner
3M INNOVATIVE PROPERTIES CO.
3M Center, P.O. Box 33427
St. Paul, MN  55144
(651) 736-3773

**ATTORNEYS FOR PLAINTIFF 3M
COMPANY**