IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| 3M COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 11-1043 |
| v. § | |
| § | |
| ELLISON SYSTEMS, INC., dba § | |
| SHOPLET.COM, § | |
| Defendant. § | |

## AMENDED STIPULATION FOR CONSENT JUDGMENT

The undersigned attorneys stipulate that the parties have agreed to the foregoing CONSENT JUDGMENT and request its entry:

1. 3M is a Delaware corporation having its principal place of business at 3M Center, 2501 Hudson Road, St. Paul, Minnesota 55144.

2. Ellison Systems, Inc., dba Shoplet.com ("Shoplet"), is a New York corporation having a place of business at 39 Broadway Street, Suite 2030, New York, New York 10006.

3. This is an action for trademark infringement, dilution, and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"); for trademark dilution under the anti-dilution statutes of Minnesota and other states where Shoplet conducts business; for deceptive trade practices arising under the Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq*.; for unlawful trade practices under the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.09

*et seq.*; for trademark infringement and unfair competition under the common law of Minnesota and other states where Shoplet conducts business; and for unjust enrichment.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over 3M's claims under state law.

5. 3M develops and markets innovative products and solutions, including many consumer and office products, serving a diverse field of customers.

6. 3M introduced the revolutionary POST-IT brand of repositionable notes and adhesive-backed paper approximately thirty years ago. Since that time, 3M has continuously used the mark POST-IT ("the POST-IT Mark") in connection with a variety of highly successful stationery and office-related products, including, without limitation, repositionable notes and note holders, tape flags, tabs, and easel paper and pads.

7. The POST-IT Mark is inherently distinctive and serves to identify and indicate the source of 3M's products and services to the consuming public.

8. As a result of 3M's long and extensive use and promotion of the POST-IT Mark and the many high-quality products sold under the mark, POST-IT is the leading brand in the market for repositionable note products, and also is one of the most famous brands in the United States. *See Minnesota Min. & Mfg. Co. v. Taylor*, 21 F. Supp. 2d 1003, 1005 (D. Minn. 1998) (finding POST-IT mark famous).

9. As a result of 3M's long use and promotion, 3M has acquired valuable common law rights in the POST-IT Mark.

10. In addition to its extensive common-law rights, 3M has registered the POST-IT Mark on the Principal Register of the United States Patent and Trademark Office in accordance with federal law. 3M owns numerous U.S. registrations, many of which are incontestable, for its famous mark POST-IT for numerous goods. These registrations include, but are not limited to, the valid and subsisting U.S. Reg. Nos. 1046353, 1198694, 1208297, 1284295, 1935381, 2736421, and 3168105.

11. Shoplet owns and operates a website, www.Shoplet.com, offering for sale office supplies made by a variety of manufacturers, including but not limited to 3M. This website has a search function allowing consumers to search for products.

12. Searches of the Shoplet.com website for the mark POST-IT (and confusingly similar variations thereof) have returned repositionable notes and other office products manufactured by competitors of 3M, as well as links for competing manufacturers, and displayed them under the POST-IT Mark. The display of search results for POST-IT in this manner is likely to cause confusion regarding the source or sponsorship of the products and manufacturers displayed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

a) Shoplet, its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them, is permanently enjoined and restrained from using the mark POST-IT, and any other confusingly similar mark, in a manner that is likely to confuse consumers or to dilute the distinctive quality of the POST-IT mark;

b)       Shoplet is permanently enjoined and restrained from including products not manufactured by 3M among the results of searches of its website for the mark POST-IT or any of the variations of that mark listed in the bullet points immediately below (the "POST-IT Mark"), whether alone or in combination with any other term(s), number(s), or other character(s), and regardless of capitalization:

- POST-IT
- POST-ITS
- POSTIT
- POSTITS
- POST IT
- POST ITS

c)       At a date that is 45 days from the entry of this injunction, Shoplet is permanently enjoined and restrained from listing any brand or entity other than 3M or POST-IT in the manufacturer sidebar on its website in response to a search for the POST-IT Mark, whether alone or in combination with any other term(s), number(s), or other character(s), and regardless of capitalization;

d)       At a date that is 45 days from entry of this injunction, Shoplet is permanently enjoined and restrained from displaying at the top of search results pages on its website the POST-IT Mark, 3M, 3-M, or 3 M, whether alone or in combination with any other term(s), number(s), or other character(s), and regardless of capitalization, when

consumer searches include those terms, although those terms may remain displayed in the search bar as typed by consumers;

 e) Each party shall bear its own costs and attorneys' fees in this action;

 f) This is a final judgment, and the parties waive all right to appeal from such final judgment;

 g) The Court shall retain jurisdiction over this Consent Judgment for the purpose of enforcing it and resolving any disputes arising under it;

 h) Any violation of this Consent Judgment may be punishable as a contempt of Court, subject to the following notice and cure provision. In the event either party believes that the other is in breach of any of the provisions of the Agreement or Consent Judgment, neither party shall institute any proceeding, including a motion for contempt, against the other unless it first gives written notice (a "Breach Notice"), of any alleged breach to the other and such party fails to cure such breach and provide proof of the cure in writing within fifteen (15) business days after the date of such notice. Should either party disagree with contentions contained in the Breach Notice, then the party receiving the Breach Notice shall provide written notice to the party sending the Breach Notice within five (5) business days of receipt of the Breach Notice, which notice shall provide support for its position that there has been no breach of the Agreement or Consent Judgment. Under such circumstances, the parties shall meet and confer in good faith to attempt to resolve any such disagreement as to compliance with the terms of the Settlement or Consent Judgment. If the parties cannot resolve any such disagreement, then either party may bring an appropriate proceeding before the Court for a ruling as to

the parties' disagreement.  Both 3M and Shoplet agree that written notice sent to it by first class mail at their respective addresses set forth in paragraphs 1 and 2 of this Consent Judgment fully satisfies this provision.

Dated: August 23, 2011                                             Respectfully submitted,


s/Heather Kliebenstein                                             s/Leslie H. Scharf
Heather J. Kliebenstein (MN Bar #0337419)       Leslie H. Scharf (NY Bar #7652)
MERCHANT & GOULD                                         Senior Vice President of Business
80 South 8th Street, Suite 3200                                Development and General Counsel
Minneapolis, MN 55402-2215                               ELLISON SYSTEMS, INC.
(612) 332-5300                                                          D/B/A SHOPLET.COM
                                                                                   390 Broadway Street, Suite 2030
William G. Barber (TX Bar #01713050)              22nd Floor
Susan J. Hightower (TX Bar #24027077)           New York, NY 10004
PIRKEY BARBER LLP                                          (212) 619-3358
600 Congress Avenue, Suite 2120
Austin, Texas 78701                                             ***ON BEHALF OF DEFNDANT***
(512) 322-5200                                                     ***ELLISON SYSTEMS, INC.***
                                                                             ***dba SHOPLET.COM***
Of counsel:
Sarah A. Lockner (MN Bar #0320936)
3M INNOVATIVE PROPERTIES CO.
3M Center, P.O. Box 33427
St. Paul, MN 55144
(651) 736-3773

***ATTORNEYS FOR PLAINTIFF***
***3M COMPANY***